IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MAURICE JACOB                                                                                     PLAINTIFF

v.                                             No. 5:03CV448 JLH

BEMIS BAG COMPANY                                                                        DEFENDANT

## OPINION AND ORDER

This is an employment discrimination case. Maurice Jacob, an African American male, brought race discrimination and harassment claims against his employer, Bemis Bag Company, pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964). Bemis has moved for summary judgment (Docket #19). For the reasons stated below, this motion is granted.

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis of its motion and identifying the portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)*; Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 763 (8th Cir. 2003). When the moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1985) (quoting FED. R. CIV. P. 56(e)). The non-moving party

sustains this burden by showing that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When a non-moving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

This Court's Local Rule 56.1 provides that when the moving party files a statement of material facts with its motion for summary judgment all material facts set forth in the statement shall be deemed admitted unless controverted by the non-moving party. Bemis filed its motion for summary judgment on August 8, 2005. Pursuant to Local Rule 7.2 and Fed. R. Civ. P. 6, Jacob's response was due on August 22, 2005. On August 30, 2005, the Court wrote Jacob, informed him that the due date for his response had passed and stated, "If I have not heard from you within five business days, I will assume that you do not oppose the motion for summary judgment and will act accordingly." Jacob never responded. Because Jacob has not controverted Bemis's statement of undisputed facts, those are deemed admitted.

## I.

Jacob is employed as a Press Operator at Bemis's plant in Crossett, Arkansas. During his employment with Bemis, Jacob has been part of a bargaining unit that has been covered by successive collective bargaining agreements between Bemis and a labor union. The Collective Bargaining Agreement ("CBA") covers terms and conditions of employment including wage increases, work rules, and procedures for filling positions within the company. Conditions of employment are governed by the CBA and apply to all employees in the bargaining unit regardless

of race. The CBA provides that employees may file grievances if they do not feel that they have been treated fairly in the workplace.

Jacob has received some form of discipline under the CBA 30 times, most of which concerned attendance issues. Jacob also received warnings about quality issues, including failing to initial his orders and printing errors. White employees have also received warnings for the same infractions. Jacob never complained to Bemis that any disciplinary action was based on his race.

Jacob suffered a work-related shoulder injury on January 31, 2002. Based on his doctor's recommendations, he was placed on light duty through February 21, 2002. Light-duty assignments at Bemis are based on production needs and work functions that an employee can perform within any restrictions imposed by a physician. During the week of February 4, 2002, Jacob was asked to remain at his machine and provide instruction to an Assistant Operator. The Assistant Operator performed all of the job functions that Jacob was restricted from performing. This assignment was considered light duty and was necessary to meet Bemis's production needs. At the end of the week, Jacob was moved to a different light duty position. Jacob received his full pay while assigned to light duty.

Jacob's complaint alleges harassment and disparate treatment based upon his race. Jacob alleged that he was prescribed light duty by his physician but was not permitted to work light duty until six days later when a white coworker was injured and placed on light duty. Jacob also alleged that he has been routinely harassed by his supervisors and reprimanded on numerous occasions for poor quality print and for failing to initial orders while white coworkers were not reprimanded for similar infractions.

## II.

A.    **Disparate Treatment**

Because there is no direct evidence of discriminatory intent, Jacob's disparate-treatment claim is analyzed under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which means that a plaintiff must demonstrate the following four elements: (1) that he belonged to a protected class, (2) that he was qualified to perform his job, (3) that he suffered an adverse employment action, and (4) that he was treated differently than similarly-situated members of the unprotected class. *Shoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000) (citing *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999)).

If the plaintiff establishes a *prima facie* case, a rebuttable presumption of discrimination is created. The employer may rebut this presumption by articulating one or more nondiscriminatory reasons for the employment decision. When the *prima facie* case has been successfully rebutted, the presumption of discrimination drops out of the picture, and the burden shifts back to the plaintiff to present evidence sufficient to support two findings. *McCullough v. Real Foods, Inc.*, 140 F.3d 1123, 1127 (8th Cir. 1998). First, the plaintiff must present evidence that creates a fact issue as to whether the employer's proffered reasons are mere pretext. *Id*. Second, he must present evidence that creates a reasonable inference that the adverse employment decision was an act of intentional discrimination based on race. *Id*. *See also Robinson v. Sears, Roebuck and Co.*, 111 F. Supp. 2d 1101, 1112 (E.D. Ark. 2000).

Jacob has not presented a *prima facie* case of discrimination because he has failed to establish the third and fourth elements stated above. Jacob has not shown that he suffered an adverse employment action or that he was treated differently than similarly-situated white employees.

4

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Spears v. Missouri Dept. of Corrections & Human Resources*, 210 F.3d 850, 853 (8th Cir. 2000). Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's career meet this standard, but minor changes or inconveniences do not. *Id*. Poor performance evaluations or disciplinary citations do not in themselves constitute an adverse employment action. *Id*. at 854. An unfavorable evaluation is actionable only if the employer uses it to alter detrimentally the terms or conditions of the person's employment. *Id*.

In this case, Jacob has neither alleged nor offered any evidence that the terms or conditions of his employment changed in any way as a result of his disciplinary notices or his light-duty assignments. He has not been fired or demoted, and he has continued to receive his full salary, even while on light-duty assignments. Accordingly, Jacob has suffered no adverse employment action.

Jacob has further failed to show that he was disparately treated in any way. Jacob makes allegations but offers no evidence that white employees committing the same job infractions that he committed received no disciplinary action or that other employees have been treated differently in light-duty assignments. Jacob asserts that he was not placed in a light-duty position immediately after his injury, but the evidence shows that he was. Moreover, Bemis has produced evidence that all employees in Jacob's bargaining unit, regardless of race, are subject to the same terms and conditions of employment and that similarly-situated white employees have been disciplined in the same manner as Jacob.

Finally, even if Jacob had established a *prima facie* case of discrimination, Bemis has offered legitimate, nondiscriminatory reasons for its actions with Jacob. Jacob was disciplined for

infractions of workplace rules and standards, and his light-duty assignments were determined according to the company's production needs. Because Jacob has produced no evidence that these reasons are pretextual, his disparate-treatment claim must fail.

### B.     Harassment

To prevail on a harassment claim, Jacob must show (1) that he is a member of a protected group, (2) that there was unwelcome harassment, (3) that the harassment was based on his race, and (4) that the harassment affected a term, condition, or privilege of his employment. *Williams v. Conagra Poultry Co.*, 378 F.3d 790, 794 (8th Cir. 2004). Jacob has failed to produce any evidence to support the third and fourth elements of this claim.

Because Jacob has not expressly complained of any workplace incidents except the alleged failure to provide a light-duty assignment and reprimands for infractions of work rules, this Court assumes that these instances are the basis of Jacob's harassment claim. Jacob has produced no evidence, however, that Bemis's actions were based on his race. To the contrary, the undisputed evidence shows that Jacob has been treated in the same manner as similarly-situated white employees. Accordingly, Jacob has failed to establish that the third element stated above.

Finally, Jacob has not established that the "harassment" complained of affected a term, condition, or privilege of his employment. As noted in part A of this opinion, Jacob has not been demoted or received a reduction in salary or benefits. Furthermore, for harassment to constitute a hostile working environment in violation of Title VII, the workplace must be "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment . . . .'" *Al-Zubaidy v. Tek Indus., Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Jacob has neither

alleged nor presented any evidence that his working environment was so affected or that Bemis's conduct even approached this level.

## CONCLUSION

There is no genuine issue of material fact. The defendant has established a *prima facie* case of entitlement to summary judgment. Jacob has failed to meet proof with proof. The defendant's motion for summary judgment (Docket #19) is GRANTED.

IT IS SO ORDERED this  16th   day of September, 2005.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE